# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| John Ervin Wilson, Jr., <br><br>    Plaintiff, <br>  v. <br><br> Levern Cohen, Terrie Wallace, Consonya Washington, Edward Mole, Sharon Brewton, James Williams, Curtis NeSmith, Regina Housey, Ms. Allen, Nicole Swartz, Ms. Myers, & Ms. Pressley, <br><br>    Defendants. | Case No. 9:23-cv-01510-RMG <br><br> **ORDER AND OPINION** |

Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending that Defendants' Motion for Summary Judgment be granted in part and denied in part. (Dkt. No. 104). Both Defendants and Plaintiff filed objections to the R&R. (Dkt. Nos. 109, 110). For the reasons set forth below, the Court grants in part and denies in part Defendants' motion for summary judgment. (Dkt. No. 83).

## I.    Introduction

Plaintiff brings suit against Defendants in their official capacities, alleging they violated his constitutional rights by denying his request for protective custody, using excessive force against him on two instances, destroying his legal mail, and retaliating against him for filing grievances. (Dkt. No. 104 at 4-12). Defendants moved for summary judgment on Plaintiff's claims on the grounds that he failed to plead facts supporting any of his causes of action. (Dkt. No. 83). The Magistrate Judge recommends granting Defendants' motion as to Plaintiff's claims of (1) excessive force against Defendant Mole for his use of chemical munitions on September 20, 2022; (2) excessive force against Defendant Washington based on two incidents occurring on September

1

20, 2022; (3) failure-to-protect against Defendants Cohen and Washington; (4) deliberate indifference against Defendant Allen; and (5) retaliation against Defendants Housey, Pressley, Myers and Wallace. (Dkt. No. 104). The Magistrate Judge recommends denying Defendants' motion as to Plaintiff's claims of (1) excessive force against Defendants Washington and Williams arising from the September 12, 2022, incident; and (2) excessive force against Defendants Housey, Mole, Brewton, Williams, and NeSmith based on the September 20, 2022, incidents. (*Id.*). The R&R found that Defendants did not move for dismissal of Plaintiff's failure to decontaminate claim against Defendants Housey, Mole, Brewton, Williams, NeSmith and Allen, and recommends denial of Defendants' motion as to this claim as well. (*See id.* at 1 n.1).

## II.   Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### III. Discussion

The Court reviews *de novo* the Parties' specific objections to the R&R below.

#### A. Defendants' Objections

##### 1. Excessive Force Claims against Defendants Washington and Williams for September 12, 2022 Incident

Defendants first objection stems from Plaintiff's claim that Defendants Washington and Williams "did violate[] the eighth amendment, in a maliciously and sadistically manner, to inflict injuries with use of physical force deliberately indifference, with excessive use of force, causing great bodily harm; having knowledge, subjecting plaintiff to cruel and unusual punishment by unjustified assault/beating." (Dkt. No. 21 at 9). Defendants note that they addressed Plaintiff's claim in their motion for summary judgment "[d]espite the absence of facts in his Amended Complaint," explaining that the incident stemmed from Defendants' attempts to remove face sheets of other inmates from Plaintiff's possession. (Dkt. No. 109 at 2). Defendants Washington and Williams submitted affidavits detailing the incident, and Defendant Washington also captured video footage of the incident (which is cut off at a point before resuming recording). (Dkt. Nos. 83-2, 83-4, 89).

A preliminary question exists as to whether the Court should entertain Plaintiff's claim at all, given his failure to plead any facts in support of his claim in his Amended Complaint. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"

3

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[I]t is fundamental that a *pro se* complaint must be 'liberally construed.'" *Williamson v. Stirling*, 912 F.3d 154, 170 (4th Cir. 2018) (quoting *Erickson*, 551 U.S. at 94). "However, the requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact when none exists." *Gallipeau v. Renewal by Andersen LLC*, 742 F. Supp. 3d 508, 515 (D.S.C. 2024).

Here, Plaintiff has done no more than recite the legal elements of an Eighth Amendment claim in his Amended Complaint with regards to the alleged September 12, 2022 incident. It was not until Plaintiff's Opposition to Defendant's Motion for Summary Judgment that Plaintiff alleged facts underlying his claim—specifically, that Defendant Williams placed him in a chokehold while Defendant Washington stabbed his hand with an ink pen. (Dkt. No. 90-4 at 17). While a close call, the Court considers that Plaintiff successfully put Defendants on notice of his claim, such that his pleading can be "construed so as to do justice" in light of his *pro se* status. Fed. R. Civ. P. 8(e). The Court reviews the portion of the R&R pertaining to Defendant's objection *de novo*.

Based on the conflicting accounts presented by the Parties, the Magistrate Judge considered that a genuine issue of material fact existed as to the objective prong of Plaintiff's excessive force claim, and as a result, as to the subjective component of his claim. (Dkt. No. 104 at 18). Defendants contend that, even accepting Plaintiff's factual account of the events as true, he has failed to allege facts supporting an actionable excessive force claim where he suffered only "minor swelling and a small abrasion to the thumb, requiring an ice pack for treatment." (Dkt. No. 109 at 6; *see also* Dkt. No. 104 at 7 n.9 (medical records of Plaintiff's alleged injuries)). They additionally object

4

that Plaintiff also fails to present evidence that "that either Defendant acted with a sufficiently capable state of mind" required to succeed on his excessive force claim. (Dkt. No. 109 at 4).

On *de novo* review of the record, the Court overrules Defendants' objection, which urges this Court to credit their account of events over conflicting evidence presented by Plaintiff. The degree of force used, and whether such force was reasonable in light of the circumstances, is disputed by the Parties. As a result, the question of whether that force was applied in good faith also remains in dispute. The Court thus adopts the portion of the R&R denying Defendants' motion as to this claim. (Dkt. No. 104 at 17-18).

### 2. Excessive Force Claim against Defendants Mole, Brewton, Williams, Nesmith, and Housey for September 20, 2022 Incident

Defendants next object that "[t]he Magistrate Judge erred in concluding that the Plaintiff had alleged two separate excessive force incidents in his Amended Complaint." (Dkt. No. 109 at 6). Defendants argue that Plaintiff's conclusory allegation in his Amended Complaint that Defendants Housey, Washington, Mole, Brewton, Williams and NeSmith "violate[d] the eighth amendment, in a maliciously and sadistically manner, to inflict injuries with use of physical force deliberately indifference, with excessive use of force, causing great bodily harm; having knowledge, subjecting plaintiff to cruel and unusual punishment by unjustified assault/beating" violates *Twiqbal*'s pleading requirements. (Dkt. No. 109 at 6; *see also* Dkt. No. 21 at 9). They clarify that there was no use of force event on September 21, 2022, but rather, there was such an event the day prior—the use of chemical munitions against Plaintiff on September 20, 2022. (Dkt. No. 109 at 7). "Thus, in an effort to address the Plaintiff's poorly plead claim and in the interest of being responsive as best as possible, the Defendants addressed at length the use of chemical munitions." (*Id.*). While the Magistrate Judge recommends summary judgment in favor of

Defendant Mole, the official who administered the chemical munitions, Defendants complain that "contrary to any allegations actually made in the Amended Complaint, the Magistrate Judge has construed the Plaintiff's claims as including allegations of a physical use of force during the transport to his cell and then later again after the Plaintiff was seen by the medical staff." (*Id.*)

On review by this Court, Plaintiff appears to have first made this argument in his Opposition to Defendants' Motion for Summary Judgment—claiming that Defendants "assaulted and beat [him] beyond measure" after the protective concern hearing. (Dkt. No. 90-1 at 1). However, as cited by the R&R, "[i]t is well accepted that a plaintiff, even one proceeding *pro se*, cannot amend his complaint by asserting new claims in an opposition brief to a motion for summary judgment." (Dkt. No. 104 at 35) (quoting *Sarno v. Wilson*, No. 1:17-CV-953-LO-JFA, 2018 WL 3638079, at *3 n.2 (E.D. Va. July 27, 2018), *aff'd*, 755 F. App'x 321 (4th Cir. 2019)). In contrast to Plaintiff's claim of excessive force by Defendants Washington and Williams on September 12, 2022, which sufficiently placed Defendants on notice of Plaintiff's claim such that they were able to address the claim in their summary judgment motion, Defendants highlight that they did not address Plaintiff's "other" excessive force claim because it was unpled. (Dkt. No. 109). The Court finds that, even considering the lenient pleading standards afforded to *pro se* litigants, the additional excessive force claim recognized by the Magistrate Judge was not plead by Plaintiff in his Amended Complaint. While the Court "must liberally construe the claims of *pro se* litigants," it must not assume "the role of an advocate" by construing an additional excessive force claim that the Amended Complaint did not plead. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). The Court declines to adopt the portion of the R&R as to Plaintiff's excessive force claim against Defendants Mole, Brewton, Williams, Nesmith and Housey for the September

20, 2022 incident, and grants summary judgment to Defendants on this claim. (Dkt. No. 104 at 22-23).

### 3. Failure to Decontaminate Claim Brought Against Defendants Mole, Brewton, Williams, Nesmith, Housey, and Allen

Plaintiff alleges that Defendants violated the Eighth Amendment by "denying Plaintiff to decontaminate himself after use of chemical munition/excessive use of force." (Dkt. No. 21 at 10). The R&R recommends denial of Defendants' motion for summary judgment as to Plaintiff's failure to decontaminate claim, explaining that Defendants did not address this claim in their summary judgment motion. (Dkt. No. 104 at 1 n.1). Defendants object, claiming that "Defendants submitted several affidavits and medical evidence that address the decontamination issue." (Dkt. No. 109 at 9).

On *de novo* review of the record, the Court finds that Defendants did address Plaintiff's failure to decontaminate claim (to the extent one can be construed against these Defendants) in their Motion for Summary Judgment and via attached affidavits, video recordings and documentary evidence. (Dkt. Nos. 83-1 at 8-11; 83-3, ¶¶ 4-7 & Exhibit A; 83-4, ¶ 11 & Exhibit C; 83-5, ¶¶ 4-6). Plaintiff does not plead facts in contravention to those stated by Defendants. The Court declines to adopt the R&R as to Plaintiff's failure to decontaminate claim against Defendants Mole, Brewton, Williams, Nesmith, Housey and Allen and grants summary judgment to Defendants on this claim. (Dkt. No. 104 at 1 n.1).

### B. Plaintiff's Objections

Plaintiff files four objections to the R&R. (Dkt. No. 110). He first objects that "the (R&R) has failed to provide his relief under his ('Emotional Distress') claims; and wish an [*sic*] ruling to be rendered." (*Id.* at 1). "Courts have ... held *de novo* review to be unnecessary in ... situations

when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Plaintiff's first objection is conclusory and overruled.

Plaintiff's second objection argues that "no warning was said," such that summary judgment should not have been granted in favor of Defendant Mole on Plaintiff's decontamination claim. (Dkt. No. 110). The Magistrate Judge credited Defendant Mole's "uncontroverted explanation" in his sworn affidavit that he issued a warning to Plaintiff prior to using chemical munitions, which Plaintiff did not dispute in his Response to Defendants' Motion for Summary Judgment nor his Sur-Reply. (Dkt. No. 104 at 19) (citing Dkt. No. 83-3, ¶ 6). Because Plaintiff did not present evidence creating a genuine dispute of material fact, the Magistrate Judge's recommended grant of summary judgment to Defendant Mole on this claim was proper. Plaintiff's second objection is overruled.

Plaintiff's third objection is that he satisfied each element of his First Amendment claim against Defendant Pressley. (Dkt. No. 110). Plaintiff does not direct this Court to any specific element that he claims was satisfied but that the Magistrate Judge erred in applying. Plaintiff's third objection is overruled as non-specific.

Plaintiff's fourth objection is that he furnished exhibits supporting his First Amendment claim against Defendant Housey. (Dkt. No. 110). Plaintiff does not cite any particular evidence that the R&R failed to apply or misapplied in evaluating his claim. Plaintiff's fourth objection is overruled as non-specific.

### IV. Conclusion

In light of the foregoing, the R&R is **ADOPTED IN PART** as the Order of the Court. Defendants' Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff's claims of excessive force against Defendants Washington and Williams stemming from the September 12, 2022 Incident survives summary judgment. Summary judgment is granted in favor of Defendants on all other claims.

**AND IT IS SO ORDERED.**

      s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

March 5, 2025
Charleston, South Carolina